**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

DEC 7 2020

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PEDRO MACTZUL-MUCIA, AKA Pedro Mactzul, AKA Pedro M. Mucia, AKA Pedro Mucia Mactzul, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 16-73525 <br><br> Agency No. A205-720-186 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 2, 2020**

Before: WALLACE, CLIFTON, and BRESS, Circuit Judges.

Pedro Mactzul-Mucia, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for withholding of

removal and relief under the Convention Against Torture ("CAT"). We have

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review factual findings for substantial evidence. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the determination that Mactzul-Mucia failed to establish a nexus between his past harm and his proposed family social group or his indigenous Mayan race. *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group"); *Pedro-Mateo v. INS*, 224 F.3d 1147, 1151 (9th Cir. 2000) (recruitment of indigenous petitioner was not on account of a protected ground); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence . . . bears no nexus to a protected ground"). Our conclusion is not affected by the differing nexus standards applicable to asylum and withholding of removal claims. *Cf. Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017) (discussing *Zetino* having drawn no distinction between the standards where there was no nexus at all to a protected ground). Substantial evidence also supports the determination that Mactzul-Mucia did not establish a likelihood of future persecution. *See Tamang v. Holder*, 598 F.3d 1083, 1094 (9th Cir. 2010) (petitioner's fear of future persecution was not objectively reasonable where his

family continued to live in home country unharmed); *Gui v. INS*, 280 F.3d 1217, 1230 (9th Cir. 2002) (petitioner failed to establish a clear probability of future persecution where many years had passed since his departure from home country). Thus, Mactzul-Mucia's withholding of removal claim fails.

We do not consider Mactzul-Mucia's contentions that he suffered harm rising to the level of persecution. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) (review is limited to the grounds relied on by the BIA).

Substantial evidence supports the BIA's denial of CAT relief because Mactzul-Mucia failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

As stated in the court's January 24, 2017 order, the temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED**.